## HANNA v. HAWKS.

1. Evidence: ADVICE OF COUNSEL. Where the claims of a purchaser of personal property are contested by a creditor of the vendor, it is not competent for the purchaser, even under an issue of fraudulent purchase, to give in evidence what his attorney advised him in regard to the debtor's right to sell the property.

2. ——PURCHASE OF STANDING CORN. Where the plaintiff claimed to have purchased a certain portion of standing corn, which was levied upon by a creditor of the vendor, it was held competent, in an action of *detinue*, brought by the plaintiff to recover the corn levied upon, or its value, for the defendant to show, in defense of the action, that the plaintiff had taken and converted to his own use an equal amount of corn from another portion of the field.

3. ——*Held*, also, the portion of standing corn purchased being so described as that it could be certainly measured off, that such description was itself a separation from the balance of the field.

*Appeal from Jasper Circuit Court.*

SATURDAY, JANUARY 28.

THE plaintiff, in his petition, claims the return, or, at his option, the value of one hundred and sixty-four bushels of corn, worth fifty cents a bushel, which defendant took from him under execution against J. W. Berry and J. R. Witmer, but not against plaintiff, who is absolute owner of it, by purchase from them prior to the levy. He asks that his petition be considered an action of detinue. The defendant denies the allegations of the petition, avers that, as deputy sheriff, he seized the property under a writ of attachment, and afterward sold it under execution on judgment in the attachment suit against Berry & Witmer, and also avers fraud in plaintiff's purchase. Trial to a jury, who found "for the plaintiff, and assess his damages at $57.40." Judgment on the verdict. Defendant appeals.

*Winslow & Wilson* for the appellant.

*Smith & Cook* for the appellee.

COLE, J. — Very concisely stated, the facts of this case are that one John W. Berry was the owner of a large field 1. EVIDENCE:   of corn which he mortgaged to J. R. Witmer advice of
counsel.      to secure a debt; this mortgage had been assigned to others, and by them placed in the hands of the sheriff to foreclose, and under it the sheriff had taken possession of the field of corn. The plaintiff claims to have bought of Berry and Witmer "four acres off the north end of the field, south and west of Pentico's house" on the 1st of Nov., 1869. On the 3d day of the same month the deputy sheriff levied the writ of attachment on the entire field of corn, and did so in the presence of plaintiff and

various other persons, none of whom made any claim thereto or any part thereof. .On the next day the plaintiff procured a written bill of sale of the four acres of corn and other property and dated it back and as of the 1st of Nov. Afterward the plaintiff measured off the four acres and gathered the corn in controversy therefrom. Judgment having been rendered in the attachment suit, and execution and order of sale for the attached property being placed in defendant's hands as sheriff, to which office he had succeeded in the mean time, he seized and sold the corn thereunder. The transcript discloses certain differences between the sheriff and his deputy at the time the attachment was levied, as to the right of possession under the mortgage and under the writ; and also various agreements between the owners of the corn and the mortgagees, attachment and judgment creditors and others about the sale and delivery of the corn, etc., this plaintiff having knowledge of them, but being no party thereto.

The plaintiff was introduced as a witness, and among other things testified as follows: "I consulted Cook (one of my attorneys) about the sale. I was a hired hand for Berry, and subject to his orders." Plaintiff's counsel then asked him: "You took counsel of Cook; state whether you acted on that counsel?" This was objected to as immaterial, irrelevant and hearsay, etc.; but the objection was overruled and the witness answered, "Cook said Witmer could sell the corn, and on that I bought it." The defendant duly excepted, and now assigns the admission of this testimony as error. It was error to admit this testimony. What the plaintiff's counsel told plaintiff ought not to be admitted to prejudice the rights of the defendant. It was no more competent under the issue of fraudulent purchase by plaintiff, than under any other issue in the case. The issue or question was not one of "probable cause," as in malicious prosecution. Whether or not "Witmer could sell the corn" is a proper question for the

court, by whom the counsel's opinion and the reasons for it may safely be considered; but it is hardly competent to go to the jury as a basis for a verdict.

The defendant, in making out his defense, offered to prove by a witness on the stand, "that the plaintiff, after the levy of the writ of attachment under which the defendant justifies, took and converted to his own use one hundred and sixty-four bushels of corn, being a part of that which was levied upon and was used and converted before the commencement of this suit." This evidence was objected to by the plaintiff, "for the reason that the defendant does not admit and avoid; the same is irrelevant and immaterial to the issue." The court sustained the objection and refused to permit the evidence to go to the jury. This, too, was error, under the circumstances of this case. The plaintiff claims to have purchased a certain quantity of corn, four acres, yielding one hundred and sixty-four bushels, out of a large quantity, several hundred acres, yielding thousands of bushels. He claims to have separated his corn from the mass, and to have thereby perfected his legal title to the corn sued for; he does not claim to have purchased any other or more corn. Now, if it shall appear that he had taken the quantity of corn which he purchased, from some other part of the field, such taking would be a satisfaction of his purchase and estop him from claiming title to any other or more corn, even as against his vendor. In this view, the evidence was competent under the issue found by the denial. The plaintiff claimed to be the absolute owner, and this proof would show that he was not. For, although he purchased the corn with an agreement to take it in a particular place, yet if he took it from another place, he could not afterward take the corn from the particular place also; he would be estopped by his election and taking in the other place. He cannot have both.

The instructions given by the court on its own motion

2. —— purchase of standing corn.

and on the motions of the respective parties cover between nineteen and twenty pages of the transcript. The space in the reports required for even a copy of them cannot be afforded, much less for their review *seriatim*. If the court did not err or give conflicting instructions, it would be remarkable. We suggest, that, on the re-trial, the court say to the jury for plaintiff, that if they find that plaintiff before the levy by defendant in good faith purchased of Berry & Witmer and paid for four acres of corn, it being the corn in controversy off the north end of the field, south and west of Pentico's house, and did not get other corn on that purchase, they should find for plaintiff as absolute owner and state the value. But if they find that the levy was made by defendant before the plaintiff purchased, or that the purchase was made to defraud Berry's creditors, or that plaintiff got other corn in lieu of the four acres, they should find for defendant.

We hold that the four acres being so described as that they could be certainly measured off, such description was itself a separation from the balance of the field. *Id certum est quod certum reddi potest*. And that the whole field of corn being in the actual possession of the sheriff under the mortgage foreclosure proceeding, the levy by the deputy was the same as a levy by the sheriff, and made the property liable from date of levy to both mortgage and attachment, in their order.

Reversed.